UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

# 04-12467 GAO

| | |
|---|---|
| NETSCOUT SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) |
| v. | ) RECEIPT # 60333 |
| | ) AMOUNT $150 |
| GAP SOFTWARE PTY LTD, | ) SUMMONS ISSUED yes |
| STATSCOUT PTY LTD, and | ) LOCAL RULE 4.1 |
| ASPETUCK SOLUTIONS LLC,  MAGISTRATE JUDGE Cohen | ) WAIVER FORM |
| | ) MCF ISSUED |
| Defendants. | ) BY DPTY. CLK. F.O M |
| | ) DATE 11/23/04 |
| | ) JURY TRIAL REQUESTED |

## COMPLAINT

Plaintiff NetScout Systems, Inc. ("NetScout"), for its Complaint against Gap Software

Pty Ltd ("Gap"), Statscout Pty Ltd ("Statscout"), and Aspetuck Solutions LLC ("Aspetuck"),

("Gap," "Statscout," and "Aspetuck" hereinafter referred to collectively as "Defendants"),

alleges as follows:

## NATURE OF THE ACTION

1.    In this action, Plaintiff seeks injunctive relief and damages for acts of trademark

infringement, dilution, and unfair competition committed by Defendants in selling goods and

services under the trademark STATSCOUT, which is confusingly similar to Plaintiff's

NETSCOUT® trademark.  Defendants' acts violate the laws of the United States, as well as the

statutory and common laws of various states, including the Commonwealth of Massachusetts and

the State of Connecticut.  In particular, this action arises under the Lanham Act, 15 U.S.C. §

1051 et seq., the statutory trademark, dilution, and unfair competition laws of Massachusetts,

Mass. Gen. Laws ch. 110B, §§ 11 and 12, and ch. 93A, § 11, the unfair competition laws of Connecticut, Conn. Gen. Stat. § 42-110a et seq., and the common laws of Massachusetts and Connecticut.

## JURISDICTION AND VENUE

2.      This is an action under the Lanham Act, 15 U.S.C. § 1051 et seq. ("Lanham Act"), particularly 15 U.S.C. §§ 1114, 1119, and 1125, for trademark infringement, cancellation of registration, false designation of origin, false description or representation, and unfair competition.  Plaintiff also asserts claims for trademark infringement, dilution, and unfair competition under the statutory and common laws of Massachusetts, Mass. Gen. Laws ch. 110B, §§ 11 and 12 (2002), and for unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce under Mass. Gen. Laws ch. 93A, § 11 (2002). Plaintiff also asserts claims for trademark infringement and unfair competition under the common law of Connecticut, and for unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce under Conn. Gen. Stat. § 42-110(a) (2003) et seq., the Connecticut Unfair Trade Practices Act (CUTPA).

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  This Court also has jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1367(a).

4.      Defendants are subject to suit in Massachusetts because, among other reasons, they have or had a reasonable expectation that goods sold or transported under the STATSCOUT trademark are used or are to be used, are sold, or are to be sold in Massachusetts, their tortious conduct has taken place and continues to take place in Massachusetts, and/or they regularly solicit business in Massachusetts and their acts are causing tortious injury in Massachusetts.

5.      Venue is proper under 28 U.S.C. §§ 1391(b), (c), and (d) in that, upon information and belief, Defendants are subject to personal jurisdiction in the Commonwealth of Massachusetts and/or the wrongful acts committed by Defendants occurred in and are causing injury in the Commonwealth of Massachusetts, and Defendants Gap and Statscout are foreign entities that may be sued in this district.

## THE PARTIES

6.      Plaintiff is a Delaware corporation with its headquarters at 310 Littleton Road, Westford, Massachusetts 01886.

7.      Upon information and belief, Defendant Gap is an Australian proprietary company with a registered address of c/o Coogans Pty Ltd, Suite 4, 924 Gympie Road, Chermside, Queensland, Australia, 4032, and with a principal place of business of Level 7, 300 Adelaide Street, Brisbane, Queensland, Australia, 4000.

8.      Upon information and belief, Defendant Statscout is an Australian proprietary company with a registered address of c/o Coogans Pty Ltd, Suite 4, 924 Gympie Road, Chermside, Queensland, Australia, 4032, and with a principal place of business of Level 7, 300 Adelaide Street, Brisbane, Queensland, Australia, 4000.

9.      Upon information and belief, Defendant Statscout is a wholly-owned subsidiary of Statscout Holdings Pty Ltd, and Defendant Gap is the majority shareholder in Statscout Holdings Pty Ltd.

10.      Upon information and belief, Defendant Aspetuck is a Delaware corporation with its headquarters at 1 Soundview Farm Road, Weston, Connecticut 06883.  Upon information and belief, Defendant Aspetuck is a licensed distributor and seller for Defendant Statscout.

## PLAINTIFF AND PLAINTIFF'S TRADEMARKS

11.    Founded in 1984, NetScout is one of the world's premier providers of integrated computer network performance management solutions. NetScout currently serves more than 3500 organizations in locations across North America, Europe, and Asia.

12.    Since shipping its first product in 1992 – a standards-based Ethernet probe – NetScout has led the market with a continual stream of industry firsts that have evolved into industry standards, including the market's most comprehensive computer network performance management solution. The key features of NetScout's integrated software and hardware solution include computer network monitoring, capacity planning, troubleshooting, fault prevention, and service-level management, all of which maximize the performance and efficiency of applications and content delivered over computer networks.

13.    NetScout markets and distributes its products through its own direct sales force and through channel partners that include original equipment manufacturers, distributors, resellers, service providers, and systems integrators. Customers represent a wide range of industries, including financial services, technology, healthcare, retail, manufacturing, and service providers, as well as many large agencies of the federal government.

14.    NetScout advertises and sells its products throughout the United States, including in Massachusetts, and throughout the world by means of promotional materials, catalogs, magazines, and similar types of printed literature, as well as over the Internet through its own web site at <www.netscout.com>.

15.    At least as early as 1991, and prior to the acts of Defendants complained of herein, Plaintiff adopted and began to use in commerce the inherently distinctive designation and trademark "NETSCOUT" (the "NETSCOUT® Trademark") for and in connection with computer

-4-

network monitoring software, and related goods and services. Such use has been continuous since that time.

16.    Plaintiff has registered the NETSCOUT® Trademark in the United States Patent and Trademark Office (PTO), as well as in Canada, the European Community, and Japan. In the United States, Plaintiff owns the following registrations related to the NETSCOUT® Trademark:

| Trademark Registration | Registration Number | Registration Date |
|---|---|---|
| NETSCOUT | 1,764,154 | April 13, 1993 |
| NETSCOUT and Design | 2,287,610 | October 19, 1999 |

17.    True and correct copies of the Certificates of Registration for Plaintiff's Reg. Nos. 1,764,154 and 2,287,610 are attached hereto as composite Exhibit A.

18.    Plaintiff's Reg. No. 1,764,154 has become incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly, constitutes conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the NETSCOUT® Trademark in commerce in connection with the goods specified in the Certificate of Registration. A true and correct copy of the Notice of Acceptance of Section 8 Affidavit and Notice of Acknowledgement of Section 15 Affidavit for Plaintiff's Reg. No. 1,764,154 is attached hereto as Exhibit B.

19.    Plaintiff filed a Declaration of Incontestability for its Reg. No. 2,287,610 on October 29, 2004. See Exhibit C. Upon the acknowledgement by the PTO of Plaintiff's "Section 15 Affidavit," Reg. No. 2,287,610 will constitute conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the NETSCOUT and Design® Trademark in commerce in connection with the goods specified in the

Certificate of Registration.  Plaintiff is awaiting acceptance of such Section 15 Affidavit from the PTO.

20.    Plaintiff has registered its NETSCOUT trademark in the Commonwealth of Massachusetts, Massachusetts Reg. No. 65017.  A true and correct copy of the Certificate of Registration for Plaintiff's Massachusetts Reg. No. 65017 is attached hereto as Exhibit D.

21.    Since prior to the acts of Defendants complained of herein, Plaintiff has achieved wide-spread and substantial sales of its products designated by the NETSCOUT® Trademark throughout the United States, including Massachusetts, and worldwide.

22.    The NETSCOUT® Trademark is and has been so commonly used by Plaintiff and others to identify Plaintiff's products that said products are now and, since prior to the acts of Defendants complained of herein, have been generally known among the trade and the public by the NETSCOUT® Trademark.

23.    The NETSCOUT® Trademark appears on Plaintiff's computer software and hardware, packaging, user manuals, web site, and other promotional and advertising materials.

## DEFENDANTS' ACTIVITIES

24.    Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant Gap filed an application and obtained a U.S. registration for the designation STATSCOUT for "network monitoring software," United States Registration No. 2,444,740 (the "Statscout Registration").

25.    Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant Statscout, and upon information and belief, Defendant Gap, directly or indirectly, commenced the manufacture, distribution, and/or sale in commerce of software and/or the rendering of services under the STATSCOUT trademark (the "Accused Trademark") or

bearing the Accused Trademark. Copies of pages from Defendant Statscout's web site located at <www.statscout.com>, which display products and services sold under the Accused Trademark, are attached hereto as composite Exhibit E.

26.     Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant Statscout registered the domain name "statscout.com" (the "Domain Name") with Network Solutions, LLC, a domain name registrar, and began to operate and use in commerce a web site at <www.statscout.com>. See copy of domain name registration information, attached hereto as Exhibit F. This interactive web site is continuously available in Massachusetts, and visitors to the web site can, among other things, (a) see a flash demonstration, or (b) request a free trial of the product bearing or associated with the Accused Trademark from the web site.

27.     According to Defendant Aspetuck's web site, Defendant Aspetuck was "selected to distribute the Statscout IP Network Performance Monitoring application throughout North and South America." Copies of pages from Defendant Aspetuck's web site located at <www.aspetucksolutions.com>, which display the Accused Trademark, are attached hereto as composite Exhibit G. This interactive web site is continuously available in Massachusetts, and visitors to the web site can (a) see a flash demonstration, (b) request a free trial, or (c) apply to become a reseller of the product bearing or associated with the Accused Trademark from the web site.

28.     Upon information and belief, Defendant Aspetuck has distributed, sold, or offered for sale products and services bearing or associated with the Accused Trademark in the Commonwealth of Massachusetts and in other states.

29.    The Accused Trademark is confusingly similar to Plaintiff's NETSCOUT®

Trademark.

30.    The goods provided, directly or indirectly, by one or more of the Defendants

under the Accused Trademark – network performance monitoring software – are identical or

highly similar to the goods provided by Plaintiff under its NETSCOUT® Trademark.  In fact,

Statscout describes its product as a "highly scalable network performance monitoring tool,"

which offers features like "service level achievement," "capacity planning," "trend analysis," and

"troubleshooting."  See Exhibit E.

31.    According to Defendant Aspetuck's web site, products bearing the Accused

Trademark "generally appeal[] to government departments, educational institutions and

corporate enterprises with 500 to 100,000 computer network nodes and a distributed network

infrastructure, seeking a high return on investment from a network monitoring solution."  See

Exhibit G.  These customers are the same or similar to the customers for Plaintiff's product

bearing the NETSCOUT® Trademark.

32.    In addition to Aspetuck, upon information and belief, Statscout is working with

another U.S. company, OPNET Technologies, Inc. ("OPNET"), of Bethesda, Maryland.  In

February 2004, Statscout and OPNET announced that Statscout and OPNET had partnered and

that Statscout's product bearing the Accused Trademark had been added to OPNET's Virtual

Network Environment (VNE) Server.  Plaintiff also is an integration and application partner of

OPNET.  See Exhibit H.

33.    Further compounding the potential for increased harm to Plaintiff and the

NETSCOUT® Trademark are Statscout's plans for growing its business in the U.S.  According to

recent statements made by company employees, including its Chief Executive Officer, Statscout

is "looking forward to a fresh start to the 2004-2005 year with a major focus on the US market" and "Statscout is now completely focused on raising its profile, particularly in the U.S." See Exhibit I.

34.    Upon information and belief, Defendants are well aware and, since long prior to the acts of Defendants complained of herein, have been well aware of the goodwill represented and symbolized by the NETSCOUT® Trademark.  Upon information and belief, Defendants have been well aware that the NETSCOUT® Trademark is recognized widely and relied upon by the public and the trade as identifying NetScout and its products and as distinguishing said products from the products of others.

35.    Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendants, directly and indirectly, have engaged in a deliberate and willful scheme to trade upon and to misappropriate for themselves the goodwill represented and symbolized by the NETSCOUT® Trademark, by registering, adopting, and using in commerce the Accused Trademark.

36.    Defendants' direct and/or indirect use in commerce of the Accused Trademark is designed, and is calculated, and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the source, origin, or sponsorship of Defendants' products, and to cause consumers mistakenly to believe that Defendants' products are the products of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

37.    Defendants' direct and/or indirect use of the Accused Trademark is without the license, authorization, or consent of Plaintiff.

38.    Plaintiff has objected to the use and/or registration of the Accused Trademark by Defendants Statscout and Gap.  Plaintiff has filed a cancellation proceeding in the Trademark Trial and Appeal Board (TTAB) of the PTO against the Statscout Registration, which is pending.

39.    Defendants Statscout and Gap have refused to comply with Plaintiff's demands to cease and desist use of the Accused Trademark or to surrender the Statscout Registration for cancellation.

40.    Upon information and belief, Defendant Gap, by means of its ownership of the Statscout Registration, and by means of its ownership of the majority of the shares of Statscout Holdings Pty Ltd, the parent entity of Defendant Statscout, and by means of its exercise of authority over the use of the Accused Trademark, directly or indirectly, for its benefit, has acted for itself and through Defendants Statscout and Aspetuck to infringe Plaintiff's rights.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT (All Defendants)

41.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 40 as if fully set forth herein.

42.    With full knowledge and awareness of Plaintiff's ownership and prior use of the NETSCOUT® Trademark and for their own benefit, Defendants intentionally have used in commerce, and upon information and belief, will continue intentionally to use, and have enabled others to use in commerce the Accused Trademark, which use is likely to cause confusion, or to cause mistake, or to deceive.

43.    Defendants' aforesaid acts constitute direct, contributory, or vicarious infringement of Plaintiff's federally-registered trademarks, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

44.    Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

45.    Plaintiff has no adequate remedy at law.

46.    Defendants' aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

47.    Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT II – CANCELLATION OF REGISTRATION (Defendant Gap)

48.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 47 as if fully set forth herein.

49.    Defendant Gap has obtained a registration for STATSCOUT, United States Reg. No. 2,444,740 (the "Statscout Registration").

50.    The STATSCOUT trademark in the Statscout Registration is confusingly similar to Plaintiff's NETSCOUT® Trademark, in which Plaintiff has prior rights.

51.    The goods identified in the Statscout Registration are confusingly similar to the goods described in Plaintiff's Reg. Nos. 1,764,154 and 2,287,610, and used in connection with the NETSCOUT® Trademark.

52.    Defendant Gap is not entitled to continued registration of the Statscout Registration, pursuant to 15 U.S.C. § 1052(d), because the designation in such registration is likely to cause confusion, or to cause mistake, or to deceive.

53.    Plaintiff will be damaged by continued registration of the Statscout Registration because Defendant Gap would have the rights enumerated in 15 U.S. C. § 1057(b) for such trademark registrations.

54.    Plaintiff requests that registration of the designation in the Statscout Registration be cancelled in accordance with § 37 of the Lanham Act, 15 U.S.C. § 1119.

## COUNT III – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT (All Defendants)

55.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 54 as if fully set forth herein.

56.    Defendants intentionally have used and have enabled others to use and, upon information and belief, will continue to use and will continue to enable others to use in commerce the Accused Trademark, which use constitutes a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendants' products by Plaintiff.

57.    Defendants' aforesaid acts constitute direct, contributory, or vicarious unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.    Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

59.    Plaintiff has no adequate remedy at law.

60.    Defendants' aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

61.    Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT (All Defendants)

62.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 61 as if fully set forth herein.

63.    Defendants' acts in promoting and selling products and services and knowingly enabling others to promote and sell products and services that are of substantially the same character as NETSCOUT® products in connection with a trademark that is confusingly similar to Plaintiff's NETSCOUT® Trademark constitutes common law trademark infringement, palming or passing off of Defendants' goods and services as those of Plaintiff, and unprivileged imitation, all of which create in the mind of the public the impression that Plaintiff is responsible for the quality and performance of Defendants' goods and services or is otherwise connected to or associated with Defendants.

64.    Defendants' use of a trademark confusingly similar to Plaintiff's NETSCOUT® Trademark constitutes a use of Plaintiff's trademark on and in connection with goods or services that Plaintiff cannot control.  Such acts have and will materially damage the reputation of Plaintiff and that of its goods and services and damage the goodwill in Plaintiff's trademark that has been created by Plaintiff's substantial expenditure of money.

65.    Defendants' aforesaid acts constitute direct, contributory, or vicarious trademark infringement and unfair competition, all in violation of Plaintiff's rights under the common law of the Commonwealth of Massachusetts, the State of Connecticut, and other states.

66.    Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

67.    Plaintiff has no adequate remedy at law.

68.    Defendants' aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

69.    Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT V – STATE TRADEMARK INFRINGEMENT: MASSACHUSETTS
### (All Defendants)

70.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 69 as if fully set forth herein.

71.    Plaintiff is the owner of the Massachusetts Registration for NETSCOUT for computer software and hardware. See Exhibit D. The Certificate of Registration shown in Exhibit D serves as competent and sufficient proof of the registration of Plaintiff's NETSCOUT trademark in Massachusetts.

72.    Upon information and belief, Defendants have used and knowingly have enabled others to use and, upon information and belief, Defendants will continue to use and will continue knowingly to enable others to use the Accused Trademark in Massachusetts, which use is likely to cause confusion or to cause mistake or to deceive as to the source or origin of Defendants' goods or services, all in violation of Plaintiff's rights under Massachusetts law. Such use by Defendants is without Plaintiff's consent.

73.     Defendants' aforesaid acts constitute direct, contributory, or vicarious infringement of Plaintiff's registered trademark, in violation of Mass. Gen. Laws ch. 110B, § 11 (2002).

74.     Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

75.     Plaintiff has no adequate remedy at law.

76.     Defendants' aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

77.     Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT VI – STATE TRADEMARK DILUTION: MASSACHUSETTS (All Defendants)

78.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 77 as if fully set forth herein.

79.     The NETSCOUT® Trademark is distinctive and, through long and extensive use, advertising, marketing, and public awareness, possesses a high degree of distinctiveness, including in Massachusetts.

80.     Upon information and belief, Defendants have used and knowingly have enabled others to use and, upon information and belief, Defendants will continue to use and will continue knowingly to enable others to use the Accused Trademark in Massachusetts, which use has injured and will continue to injure Plaintiff's business reputation and/or has diluted and will continue to dilute the distinctive quality of Plaintiff's NETSCOUT® Trademark.

81.    Defendants' aforesaid acts are likely to injure the business reputation of Plaintiff or likely to dilute the distinctive quality of Plaintiff's NETSCOUT® Trademark, in violation of Mass. Gen. Laws ch. 110B, § 12 (2002).

82.    Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

## COUNT VII – UNFAIR TRADE PRACTICES: MASSACHUSETTS (All Defendants)

83.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 82 as if fully set forth herein.

84.    Defendants' acts and practices described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by Mass. Gen. Laws ch. 93A, § 11 (2002), and were committed by Defendants primarily and substantially in the Commonwealth of Massachusetts and in knowing and willful violation thereof.

85.    Defendants' aforesaid acts have harmed Plaintiff's business reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have unjustly enriched Defendants.

86.    Defendants' aforesaid acts have injured and will continue to injure Plaintiff's business reputation and have diluted and will continue to dilute the distinctive quality of Plaintiff's Trademarks.

87.    Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

88.     Defendants' aforesaid acts have caused and will continue to cause monetary harm to Plaintiff in an amount to be determined.

89.     Plaintiff has no adequate remedy at law.

## COUNT VIII – VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (All Defendants)

90.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 89 as if fully set forth herein.

91.     Defendants' conduct and acts alleged above constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce, in violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq. (2003).

92.     Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

93.     Plaintiff has no adequate remedy at law.

94.     Defendants' aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

95.     Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.


WHEREFORE, Plaintiff prays:

A.     That this Court adjudge that the NETSCOUT® Trademark has been infringed and diluted directly, contributorily, and/or vicariously as a direct and proximate result of the acts of

-17-

Defendants as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 et seq., and the statutory and common laws of the Commonwealth of Massachusetts, the State of Connecticut, and other states.

      B.      That this Court adjudge that Defendants have competed unfairly with Plaintiff as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, the General Laws of Massachusetts, the Connecticut General Statutes, and the common laws of the Commonwealth of Massachusetts, the State of Connecticut, and other states.

      C.      That this Court cancel the Statscout Registration.

      D.      That Defendants, and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

      1)      From using the Accused Trademark, or any designation or trademark similar thereto, in any way, including in the Domain Name or any other domain name or web address, in connection with computer software or hardware, or any other related goods or services; and

      2)      From doing any other act or thing likely to cause the public or the trade mistakenly to believe that there is any connection between Defendants and Plaintiff, or their respective products and/or services; and

      3)      From otherwise infringing or diluting any trademark owned by Plaintiff or engaging in unfair competition against Plaintiff.

      E.      That Defendants be required to deliver up for destruction all products, packaging, signs, prints, promotional materials, advertisements, and other written or printed materials that bear the Accused Trademark, or any trademarks similar thereto.

F.      That Plaintiff recover Defendants' profits and the damages of Plaintiff arising

from Defendants' acts of trademark infringement, dilution, false designation of origin, false

description or representation, and unfair competition.

G.      That this Court treble such amounts awarded as allowed by § 35 of the Lanham

Act, 35 U.S.C. § 1117, and other federal and state law.

H.      That this Court award Plaintiff multiple damages as allowed by Mass. Gen. Laws

ch. 93A, Conn. Gen. Stat. § 35-11i, and other federal and state law.

I.      That Plaintiff recover both pre-judgment and post-judgment interest on each and

every award.

J.      That Plaintiff recover its reasonable attorneys' fees incurred in this action, as

provided for under federal and state law.

K.      That Plaintiff has and recover its taxable costs and disbursements incurred in this

action.

L.      That Plaintiff has other and such further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

NETSCOUT SYSTEMS, INC.
By its attorneys,

Dated: November 22, 2004

David J. Byer (BBO #544411)
Jennifer K. Lawson (BBO #650356)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA  02110
Telephone: (617) 248-7000
Facsimile:  (617) 248-7100

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __NetScout Systems, Inc., v.__

__Gap Software Pty Ltd__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See

local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
  380, 385, 450, 891.

- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
  690, 810, 861-865, 870, 871, 875, 900.

- [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
28 USC §2403)

YES [ ]    NO [x]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]    NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
40.1(d)).

YES [x]    NO [ ]

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division [x]    Central Division [ ]    Western Division [ ]

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
agencies, residing in Massachusetts reside?

Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
yes, submit a separate sheet identifying the motions)

YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David J. Byer, Jennifer K. Lawson__

ADDRESS __Testa Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA 02110__

TELEPHONE NO. __(617) 248-7000__

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

NetScout Systems, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
(617) 248-7000

## DEFENDANTS

Gap Software Pty Ltd
Statscout Pty Ltd
Aspetuck Solutions LLC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)
Scott W. Johnston
Merchant & Gould P.C.
P.O. Box 2910
Minneapolis, MN 55402-9944

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. § 1051, et seq. Trademark infringement and related unfair competition under federal and state law

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____